# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCCAW,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTHCARE SERVICES, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 17-cv-2518-BAS-JLB<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>AND<br><br>(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE** |

　　　　Plaintiff Michael McCaw, a prisoner detained at the Centinela State Prison and proceeding *pro se*, has filed a complaint pursuant to 42 U.S.C. §1983 against Defendants California Correctional Healthcare Services, Ajmel Sangha, T. Kirby, C. Lynch, and Harishkumar Patel. (ECF No. 1.) Plaintiff alleges that these Defendants have violated his right to medical care, freedom from cruel and unusual punishment, freedom of religion, and due process. (*Id.* at 3.) Plaintiff has filed a motion to proceed *in forma pauperis* ("IFP") in this action. (ECF No. 4.) For the reasons stated herein, the Court denies the motion to proceed IFP and dismisses the action without prejudice for failure to pay the required filing fee or properly request IFP status.

1

## I. FAILURE TO PAY FILING FEE OR PROPERLY REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. §1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. §1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §§1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. §1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §1915(b)(1); 28 U.S.C. §1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. §1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. §1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, §14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a motion to proceed IFP that includes *both* the affidavit required by 28 U.S.C. §1915(a)(1) *and* the certified copy of his trust fund account statement required by 28 U.S.C. §1915(a)(2). Plaintiff has submitted an affidavit describing his current assets (ECF No. 4), but he has not submitted a certified copy of his trust fund account statement. His motion to proceed IFP is not supported by the requisite documentation and, therefore, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. §1914(a); *Cervantes*, 493 F.3d at 1051. The Court notes that the affidavit Plaintiff submitted does contain a "trust account withdrawal authorization" form, signed by the Plaintiff on November 29, 2017 indicating that he has requested a certified copy of his trust account statement from the prison where he is incarcerated. (*Id*.) The Court advises Plaintiff that he may refile his motion to proceed IFP once he has received a certified copy of his trust account statement for the six months preceding the filing of his Complaint.

**II.    SCREENING REQUIRED BY 28 U.S.C. §1915(E)(2) AND §1915A**

In addition, the Court cautions Plaintiff that if he chooses to proceed further by either pre-paying the full $400 civil filing fee, or submitting a properly supported motion to proceed IFP, his Complaint will be screened before service upon any defendant and may be immediately dismissed pursuant to 28 U.S.C. §1915A(b) or 28 U.S.C. §1915(e)(2)(B). This screening will occur regardless of whether Plaintiff pays the full filing fee up front or is granted leave to proceed IFP and to pay it in monthly installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. §1915(e) "not only permits but requires" the court to dismiss *sua sponte* an IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. §1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity"). The Court further cautions Plaintiff that if the Complaint is found to be frivolous or malicious, or if it fails to state a claim, its dismissal pursuant to 28 U.S.C. §1915(e)(2) and/or

§1915A(b) may later count as a third "strike" against him pursuant to 28 U.S.C. §1915(g). *See Andrews*, 398 F.3d at 1116 n.1 ("Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." (internal quotations omitted)). "Pursuant to §1915(g), a prisoner with three strikes or more cannot proceed IFP" unless the prisoner is in "imminent danger of serious physical injury" at the time the complaint is filed. *Id.*; *see also* 28 U.S.C. §1915(g); *Williams*, 775 F.3d at 1188 (citing *Cervantes*, 493 F.3d at 1053).

### III. CONCLUSION & ORDER

For the reasons explained above, the Court:

(1) **DISMISSES WITHOUT PREJUDICE** this action for failure to pay the $400 civil filing and administrative fee or to submit a fully supported motion to proceed IFP pursuant to 28 U.S.C. §§1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (a) prepaying the entire $400 civil filing and administrative fee required by 28 U.S.C. §1914(a) in full; or (b) completing and filing a motion to proceed IFP that includes *both* the affidavit and the certified copies of his trust account statement for the 6-month period preceding the filing of his Complaint as required by 28 U.S.C. §1915(a)(1), (2) and Civil Local Rule 3.2(b).[2] Plaintiff must take either action **no later than February 19, 2018**.

**IT IS SO ORDERED.**

**DATED: January 5, 2018**

Hon. Cynthia Bashant
United States District Judge

---

[2] If Plaintiff fails to either prepay the $400 civil filing fee or file a properly supported Motion and Declaration in Support of his motion to proceed IFP, together with the trust account statements required by 28 U.S.C. §1915(a)(2) within 45 days, this case will remain dismissed without prejudice based only on Plaintiff's failure to satisfy 28 U.S.C. §1914(a)'s fee requirements, and will *not* count as a "strike" against him pursuant to 28 U.S.C. §1915(g).