UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McCAW, CDCR #AK-0997,<br><br>                      Plaintiff,<br><br>      vs.<br><br>CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES; AJMEL SANGHA; T. KIRBY; C. LYNCH; HARISHKUMAR PATEL<br><br>                      Defendants. | Case No.: 17-cv-02518-BAS-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING DEFENDANT CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES;**<br><br>**(3) DISMISSING SUPPLEMENTAL COMPLAINT (ECF No. 8) FOR FAILING TO EXHAUST;**<br><br>**(4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3); AND**<br><br>**(5) DENYING REQUEST FOR PRELIMINARY INJUNCTION** |

1

Michael McCaw ("Plaintiff"), a state inmate currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, proceeding *pro s*e, has filed a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 4, 6.) The Court previously denied Plaintiff's motion to proceed IFP based on a failure to provide a fully supported motion (ECF No. 5), which Plaintiff's supplemental documentation of his trust account statement corrects. (ECF No. 6.) Accordingly, the Court reconsiders and grants Plaintiff's motion to proceed IFP and conducts a mandatory screening of the Complaint and supplemental documents in support of the Complaint submitted by the Plaintiff. (ECF Nos. 1, 3, 8.)

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by an CEN accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows that Plaintiff had no monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and an available balance of zero at the time of filing. *See* ECF No. 6 at 1. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(E)(2)(B) AND 1915A(B)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Much of Plaintiff's allegations concern his treatment by Pamela Velardi, whom Plaintiff claims "falsely identified herself as a doctor" and was "fired for impersonating a doctor." (Compl. at 8, 12.) Velardi is not named as a defendant in this matter.

However, Plaintiff claims he complained about Velardi's conduct to Dr. Sangha, who told Plaintiff he had "admonished Velardi for what she'd done." (*Id.* at 10.) Sangha "promised" that Plaintiff's treatment, which was improperly discontinued by Velardi, "would be restored immediately." (*Id.* at 10–11.)

On September 29, 2016, Plaintiff was "called out to court" to an unnamed "county jail" and returned to CEN on March 9, 2017. (*Id.* at 13.) During this time Plaintiff was not prescribed his medications because Sangha had not "restored [Plaintiff's] medications" despite telling Plaintiff he would do so. (*Id.*) Plaintiff claims that the staff at the county jail repeatedly contacted CCHS to "ask them to forward [Plaintiff's] prescriptions." (*Id.*) However, CCHS did not send the prescription to the county jail. (*See id.*)

Upon his return to CEN, Plaintiff was seen by the urology specialist on April 7, 2017. (*Id.*) Once again, Plaintiff was prescribed "the medication he originally prescribed me almost a year ago." (*Id.*) A nurse at CEN began giving Plaintiff his medications on April 14, 2017. (*See id.*)

However, on June 12, 2017, Plaintiff was "on [his] way to the chapel for daily Ramadan program" and "stopped at the clinic" to pick up his medication. (*Id.* at 14.) Plaintiff explained to the person at the clinic that he had a "routine the regulars set up" for him to accommodate his religious needs during Ramadan. (*Id.*) The worker at the clinic contacted his supervisor, Defendant Lynch, and Plaintiff explained that he needed

5

to be able to take his medications "every day before the sun came up and after the sun went down." (*Id.*) Plaintiff alleges Lynch told him "I don't have to accommodate a Muslim." (*Id.* at 15.) Lynch told him that it was "unlawful" for Plaintiff to take his medications at any other time than the "times prescribed by the CCHS doctor." (*Id.*) Lynch further stated that there "would be repercussions for not taking the meds when she told me to." (*Id.*)

On June 15, 2017, Plaintiff claims Lynch came to his cell, along with a nurse and two correctional officers. (*Id.*) Lynch demanded that Plaintiff "sign a form saying that [Plaintiff] refused to take [his] medication." (*Id.*) Plaintiff denied that he refused to take his medication and alleges Lynch "falsified" his medical records to indicate that he had refused to take his medication the day before. (*Id.*) Lynch threatened to issue Plaintiff a rules violation report. (*See id.*)

The following day, Plaintiff attempted to obtain his medication but was informed by a nurse that "Lynch had Dr. Bohrdanz[2] cancel [Plaintiff's] meds" and refused to give Plaintiff his daily medication. (*Id.* at 15-16.) After writing a personal request to Lynch, she "restored" Plaintiff's "elmiron medication," but all his other medications remained cancelled. (*Id.* at 16.)

Plaintiff "sent another complaint to Sangha" and to the "CCHS headquarters" regarding the cancellation of his medication. (*Id.* at 17.) Defendant Kirby responded to Plaintiff's grievance and "ignored" Plaintiff's "suffering and right to the supply of medication." (*Id.*) Plaintiff was ordered to pay an additional co-pay and "go through the long process" of having his medication prescribed again. (*Id.*) Plaintiff claims he was in "complete agony" for three months due to the denial of his allergy medication. (*Id.* at 19.) Plaintiff was "called to the clinic" and told that while his allergy medication was an "over the counter" medication, the manufacturer required that a doctor prescribe the medication. (*Id.*)

---

[2] Dr. Bohrdanz is not a named Defendant.

Plaintiff again went to the clinic on August 29, 2017 and was told by "Wyatt[3]" that she had his allergy medication but she could not give it to him without a prescription. (*Id.*) Plaintiff was also told that he would not be able to obtain the prescription until the doctor returned from his vacation. (*Id.*) However, Wyatt did give Plaintiff a "box of allergy meds" that she could provide without a prescription. (*Id.*) Plaintiff claims this medication lasted only four days. (*Id.* at 19.) "After three months of misery." Plaintiff was again prescribed medication on September 20, 2017 (*Id.*)

The only allegations against Defendant Patel are that emails between Patel and Dr. Bohrdanz from June 13, 2017 to June 15, 2017 show that Dr. Bohrdanz is "trying to find an excuse for unlawfully cancelling my medication." (*Id.* at 16.) There is no indication what Plaintiff claims Patel did that is actionable. Hence, Defendant Patel is dismissed from the case without prejudice.

### C. Plaintiff's Supplemental Claims

On February 14, 2018, Plaintiff filed a document which raises new claims against new Defendants. (ECF No. 8.) In this document, Plaintiff seeks to add an Eighth Amendment deliberate indifference to a serious medical need claim against "Dr. Ridge" and "Nurse Pacheco." (*Id.* at 1-2.) These claims arise from Ridge's apparent refusal on December 21, 2017 to prescribe orthopedic shoes to Plaintiff and his order to "cancel" Plaintiff's cane. (*Id.* at 1.) Following this examination, Plaintiff "left and filed a grievance." (*Id.* at 2.) Defendant Kirby "acknowledged that he received" Plaintiff's grievance and informed Plaintiff that he had until March 16, 2018 to "decide the situation." (*Id.*) Plaintiff claims he went to the clinic and was told by Pacheco that he had to surrender his cane. (*Id.*) Plaintiff asked if they could delay taking the cane from him "until after the [grievance] appeal's decision" but Pacheco "said no." (*Id.*)

The Court DISMISSES the claims and parties brought as Plaintiff's supplemental claims to his Complaint (ECF No. 8) on the grounds that Plaintiff plainly concedes that

---

[3] Wyatt is not a named Defendant.

he has not properly exhausted these claims prior to bringing these claims as required by 42 U.S.C. § 1997e. *See Albino v. Baca,* 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where "a prisoner's failure to exhaust is clear from the face of the complaint," his complaint is subject to dismissal for failure to state a claim), *cert. denied sub nom, Scott v. Albino*, 135 S. Ct. 403 (2014); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), *overruled on other grounds by Albino*, 747 F.3d at 1166. The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." *Rhodes*, 621 F.3d at 1004 (citing *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir. 2002)).

### D. **Improper Parties**

The Court finds that to the extent plaintiff names the State of California or California Correctional Healthcare Services as defendants in this action, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and for seeking damages against defendants who are immune. The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not "persons" subject to suit under § 1983. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001) (citing *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983)). In addition, to the extent that Plaintiff seeks to sue the State of California itself for monetary damages, his claims are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent plaintiff seeks monetary damages against the State of California or the California Correctional Healthcare Services, these claims are DISMISSED.


### E. Remaining Parties and Claims

As to the remaining parties and claims, the Court finds Plaintiff's Complaint sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012; *Iqbal*, 556 U.S. at 678.

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### F. Request for Preliminary Injunction

Plaintiff requests a preliminary injunction preventing the prison "from attempting to give me a cellie or writing me up for refusing a cellie until this lawsuit is settled." (Compl. at 23.) The Court denies Plaintiff's request for three reasons. First, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Because the prison where Plaintiff resides is not a defendant in this action, this Court lacks jurisdiction to order the injunctive relief Plaintiff seeks to the extent he seeks such relief from the prison. Second, to the extent Plaintiff seeks the requested injunctive relief from the individuals who are named as defendants, the Defendants have not yet been served and Plaintiff has not provided notice of his request for preliminary injunctive relief to the Defendants. *See*

9

*Bradford v. Khamooshian*, No. 17-cv-2053, ECF No. 26 at 2 (S.D. Cal. April 2, 2018) The Court accordingly lacks jurisdiction to order the relief from the Defendants and Plaintiff's request is premature. Lastly, Plaintiff has not alleged any irreparable harm sufficient to justify granting the requested injunctive relief. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, the Court denies Plaintiff's request for a preliminary injunction at this time.

### III. CONCLUSION & ORDER

Based on the foregoing, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Defendant Patel from this case without prejudice.

5. **DISMISSES** Plaintiff's Supplemental Complaint (ECF No. 8) for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e.

6. **DISMISSES** Defendant California Correctional Healthcare Services for failing to state a claim and seeking monetary damages against an immune defendant pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

7. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and Supplemental Document in Support of Complaint (ECF No. 3) and forward it

to Plaintiff along with a blank U.S. Marshal Form 285 for each remaining Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

8. **ORDERS** the U.S. Marshal to serve a copy of the Complaint, Supplemental Document in Support of Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

9. **ORDERS** Defendants, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond);

10. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or Defendants' counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded;

and

    11.    **DENIES** Plaintiff's request for a preliminary injunction at this time.

**IT IS SO ORDERED.**

DATED: April 3, 2018

Hon. Cynthia Bashant
United States District Judge