# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL McCAW, CDCR #AK-0997,

    Plaintiff,

v.

AJMEL SANGHA; T. KIRBY; C. LYNCH,

    Defendants.[1]

Case No. 17-cv-02518-BAS-JLB

**ORDER:**

**(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 30];**

**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 25];**

**AND**

**(3) DENYING PLAINTIFF'S MOTION TO AMEND [ECF No. 19]**

Plaintiff Michael McCaw, an inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 regarding medical care he received during his incarceration at Centinela State Prison. (ECF No 1.) Plaintiff brings

---

[1] California Correctional Healthcare Services was dismissed from this case upon a mandatory screening of the Complaint. (ECF No. 9 at 8.) Accordingly, the Court removes CCHS from the caption.

1

Eighth Amendment claims against various Defendants, including Dr. Ajmel Sangha (Chief Medical Officer), C. Lynch (a supervisor), and T. Kirby (a Health Care Appeals Coordinator). On June 13, 2019, Plaintiff filed a document titled "F.A.C. First Amended Complaint." (ECF No. 19.) Several months later, on October 22, 2019, Defendants moved to dismiss Plaintiff's claims against Defendants Sangha and Kirby. (ECF No. 25.) Plaintiff opposed. (ECF No. 29.)

Magistrate Judge Jill Burkhardt has issued a Report and Recommendation ("R&R"), which recommends granting in part and denying in part Defendants' motion to dismiss. (ECF No. 30.) The R&R further recommends construing Plaintiff's "F.A.C. First Amended Complaint," as a motion to amend and recommends denial of the motion. Objections to the R&R were due on July 17, 2019. Neither side has objected. For the reasons herein, the Court: (1) approves the R&R in its entirety, (2) grants in part and denies in part Defendants' motion to dismiss, and (3) denies Plaintiff's motion to amend.

## DISCUSSION

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required

when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline for Plaintiff to file any objections to the R&R was July 17, 2019. (ECF No. 30 at 33.) No timely objections have been lodged. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the complaint, the motion to dismiss papers, Plaintiff's "motion to amend," and the R&R, the Court concludes that Judge Burkhardt's reasoning is sound and her recommendations are proper. The Court affirms the R&R's conclusions and recommendations. First, Defendants' motion to dismiss should be denied as to Dr. Sangha because Plaintiff has sufficiently alleged that Dr. Sangha was deliberately indifferent to Plaintiff's serious medical needs when Dr. Sangha promised to restore Plaintiff's prescription medications in 2016 but failed to do so. Second, Defendants' motion should be granted with leave to amend as to Defendant Kirby because Plaintiff has failed to offer sufficient allegations that Defendant Kirby was deliberately indifferent to Plaintiff's serious medical needs based on Defendant's role as a supervisor, and (3) Plaintiff's "motion to amend" to add Imperial County as a Defendant should be denied for failure to comply with the Local Rules for the filing of a motion to amend, which require that Plaintiff include a copy of his proposed amended complaint. S.D. Civ. L. R. 15.1. The R&R effectively recommends denial of Plaintiff's "motion to amend" without prejudice because the identified deficiency is one that Plaintiff will have the opportunity to cure as a result of any amended complaint he chooses to file as a result of this Order.

## CONCLUSION & ORDER

For the foregoing reasons, the Court: (1) **APPROVES AND ADOPTS IN ITS ENTIRETY** the R&R, (ECF No. 30); (2) **GRANTS IN PART AND DENIES IN**

**PART** Defendants' motion to dismiss, (ECF No. 25); and (3) **DENIES** Plaintiff's motion to amend, (ECF No. 19).

Plaintiff is **GRANTED LEAVE TO AMEND** to amend his allegations against Defendant Kirby to correct the deficiencies Judge Burkhardt identified. Plaintiff may also amend to add allegations against Imperial County. Plaintiff may file an amended complaint **no later than August 30, 2019**. If he chooses to file one, Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). **If Plaintiff does not file an amended complaint by August 30, 2019, then only Plaintiff's claims against Defendants Sangha and Lynch will remain.**

IT IS SO ORDERED.

DATED: July 26, 2019

Hon. Cynthia Bashant
United States District Judge