**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MCCAW, CDCR #AK-0997,<br><br>                           Plaintiff,<br><br>  v.<br><br>AJMEL SANGHA, *et al.*,<br><br>                         Defendants. | Case No. 17-cv-02518-BAS-AHG<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

      Plaintiff filed this civil rights action under 42 U.S.C. § 1983 on December 15, 2017, alleging that he received inadequate medical care while incarcerated at Centinela State Prison. (ECF No. 1.) Despite being granted an extension of time to object to the Report and Recommendation ("R&R") issued in this case, Plaintiff has not furthered his prosecution of this case in the four months since that extended deadline. Accordingly, for the reasons discussed below, the Court exercises its inherent authority to **DISMISS WITHOUT PREJUDICE** Plaintiff's action.

**I.**     <u>**BACKGROUND**</u>

      Plaintiff, proceeding *pro se*, commenced this action on December 15, 2017. (ECF No. 1.) The Court found that some claims against some defendants survived screening and directed the US Marshals to effectuate service of the Complaint and Supplemental Complaint. (ECF No. 9.)

- 1 -

17cv2518

On June 26, 2019, Magistrate Judge Jill L. Burkhardt issued a R&R recommending that this Court grant in part and deny in part Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend. (ECF No. 30.) The parties had until July 17, 2019 to object to the R&R. No objections were filed. Thus, on July 26, 2019, this Court adopted the R&R in its entirety and granted Plaintiff leave to file an amended complaint by August 30, 2019. (ECF No. 31.) On August 26, 2019, Plaintiff requested an extension of time to file objections to the R&R, stating that he received the R&R two months late because it was sent to the wrong address. (ECF No. 32.) The Court granted the request and extended Plaintiff's time to object to October 18, 2019. (ECF No. 33.) Pursuant to the Court's instructions, a copy of the Order was mailed to two addresses on file for Plaintiff — one to California State Prison in Lancaster and one to the California Medical Facility in Vacaville, which was listed as Plaintiff's return address in his most recent filing. (*Id.*) The order sent to California State Prison was returned to the Court as undeliverable on September 23, 2019, indicating that Plaintiff had been paroled and providing no forwarding address. (ECF No. 34.)

Pursuant to Local Civil Rule 83.11(b), *pro se* litigants are required to keep the court and opposing parties apprised of their current address. The rule specifically provides:

> If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute.

CivLR 83.11(b). Thus, Plaintiff had until November 22, 2019 to advise the Court of his updated address. However, as of the date of this Order, Plaintiff has not done so.

Plaintiff was ordered to show cause by December 26, 2019 why the action should not be dismissed for his failure to prosecute the case. (ECF No. 36.) Plaintiff was warned that a failure to timely respond to the OSC would result in dismissal of his action. (*Id.*) As of the date of this order, Plaintiff has not responded to the Court's OSC.

## II. ANALYSIS

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Although due process generally requires that the party have notice and the opportunity to be heard before dismissal, when a party may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity for advance notice and a hearing. *Link*, 370 U.S. at 630-32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

"The circumstances in which a court may exercise its inherent power to dismiss an action include an action where a Plaintiff has failed to prosecute the case[.]" *Link*, 370 U.S. at 630. In determining whether to exercise this power, "the district court must weigh five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (internal quotations omitted).

### A. Public's Interest In Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case has been pending for over two years, six months of which have elapsed since this Court adopted the R&R and provided Plaintiff with instructions for proceeding. Thus, the Court finds that this factor weighs in favor of dismissal.

## B. Court's Need to Manage its Docket

A district court is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Plaintiff has not updated his address with the Court or otherwise made his whereabouts known the to Court or the parties in this case, demonstrating that Plaintiff does not intend to prosecute this action and "impermissibly allowing [P]laintiff to control the pace of the docket rather than the [C]ourt." *See Smith v. Cty. Of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.")). Consequently, this factor also weighs in favor of dismissal.

## C. Prejudice to the Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "[T]he pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994).

"The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action." *Garcia v. Fed. Bureau of Prisons*, No. 5:19-CF-00008-PSG-MAA, 2019 WL 6040412, at *4 (C.D. Cal. Oct. 21, 2019) (citing *Pagtalunan*, 291 F.3d at 642), *report and recommendation adopted*, No. 5:19-CF-00008-PSG-MAA, 2019 WL 6039943 (C.D. Cal. Nov. 12, 2019). However, because the Court does not have Plaintiff's updated mailing address, Plaintiff's reasons for failing to prosecute the action are unknown. Because the presumption of prejudice arises from a plaintiff's unexplained failure to prosecute, the third factor favors dismissal. *See Garcia*, 2019 WL 6040412, at *4 (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).

### D. Public Policy

Public policy favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643. The Court recognizes that this factor weighs against dismissal.

### E. Availability of Less Drastic Alternatives

This factor examines whether less drastic alternatives to dismissal are feasible given the circumstances of the case. *In re Eisen*, 31 F.3d at 1455. "[A] district court's warning to a party that [its] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

The Court attempted to provide Plaintiff several opportunities to continue prosecuting this action by extending Plaintiff's deadline to respond to the R&R even after the Court had adopted it as its final order on the Motion to Dismiss and issuing an OSC to allow Plaintiff a final opportunity to litigate the case. (ECF Nos. 33, 36.) However, in light of Plaintiff's failure to notify the Court about his new address, the Court finds that less drastic alternatives to dismissal are not available in these circumstances. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (concluding that there was no less drastic sanction available than dismissal where mail addressed to plaintiff was returned by the post office as undeliverable and plaintiff did not provide updated address to court). As a result, this factor weighs in favor of dismissal.

On balance, four out of five factors weigh in favor of dismissal. Accordingly, the Court exercises its inherent authority to dismiss Plaintiff's complaint without prejudice. *See Pagtalunan*, 291 F.3d at 643.

## III. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this civil action in its entirety based on Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Court Clerk is directed to close this case.

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

Hon. Cynthia Bashant
United States District Judge